IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY LANDWEHR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00486 |
| | ) | |
| CITY OF GERALD, MO, a municipal corporation, and | ) ) | JURY TRIAL REQUESTED |
| | ) | |
| KEITH WEHMEYER, in his individual capacity as former mayor, and | ) ) | |
| | ) | |
| HILLARY WARD, and STEPHEN GRGURICH, individually and in their official capacities as members of the Board of Aldermen. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**PARTIES & JURISDICTION**

1.  Plaintiff, Bradley Landwehr (hereinafter "Landwehr") is an individual who lives in Gerald, Missouri in the Eastern Division of the Eastern District of Missouri. He was employed by the City of Gerald as its Director of Public Works until he was illegally terminated on or about April 14, 2015.

2.  Defendant City of Gerald (hereinafter "City") is a fourth class city in the State of Missouri. The City of Gerald is located in Franklin County, Missouri in the Eastern Division of the Eastern District of Missouri. By reason of §79.010 R.S.Mo., the City can sue and be sued.

3.  Defendant Keith Wehmeyer (hereinafter "Wehmeyer") was at all times relevant herein the mayor of the City of Gerald. He was elected mayor on or about April 4, 2015. Prior to April 4, 2015, Wehmeyer was a member of the Board of Aldermen. He is sued in his

individual capacity only because on or about October 8, 2015 he resigned as mayor after a complaint was filed with the Missouri Ethics Commission that he violated the anti-nepotism clause of Article VII, Section 6 of the Missouri Constitution when he appointed his aunt's husband to the Building Commission.

4. Defendants Hillary Ward, (hereinafter "Ward") and Stephen Grgurich, (hereinafter "Grgurich") were at all times relevant herein and are members of the Board of Aldermen (hereinafter "Board") of the City. They are sued in their individual and official capacities.

5. Defendant City is an employer within the meaning of § 213.010(7). Similarly, Defendants Wehmeyer, Ward, and Grgurich were Landwehr's employer within the meaning of § 213.010(7) as persons directly acting in the interest of an employer.

6. This action is brought pursuant to 42 U.S.C. §1983 and the First Amendment to the United States Constitution, as well as the Missouri Human Rights Act, R.S.Mo. §213.010 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

7. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

8. Venue is proper in the Eastern Division of the Eastern District of Missouri pursuant to 28 U.S.C. §1391(b) because all Defendants reside therein and all of the events complained of herein occurred within the Eastern Division of the Eastern District of Missouri.

**FACTS COMMON TO ALL COUNTS**

9. In 2009, Landwehr was hired as the Public Works Director for the City and faithfully performed his duties without incident or discipline, except for a brief period of time in

2012 and 2013 due to a budget shortage, until he was illegally terminated by the Defendants as set forth in more detail below.

10. As an employee of a fourth class city, Landwehr could only be fired by a majority of the Board with the Mayor's recommendation or a supermajority of the Board without the Mayor's recommendation. § 79.240 R.S.Mo.

11. Landwehr was qualified (properly licensed) to operate the City's wastewater treatment plant, which is part of the job duties of the City's Public Works Director.

12. Beginning in January/February 2015, members of the Board of Aldermen complained that Landwehr could not work fast enough anymore.

13. In that January/February 2015 timeframe, Landwehr was 45 years old.

14. On or about February 24, 2015, the Board fired Landwehr without providing any reason for his termination.

15. On or about February 27, 2015, Landwehr appeared before the Board for a hearing to challenge his wrongful termination.

16. Upon Landwehr's motion, at the hearing Wehmeyer disqualified himself from participating in the Board hearing because of his bias and prejudice.

17. On February 27, 2015, Landwehr complained to the Board that his termination was the result of discrimination, and that if he was not reinstated, he would pursue a Charge of Discrimination against the City and Board.

18. On February 27, 2015, Landwehr was reinstated as the City's Public Works Director.

19. In 2015, the position of mayor was up for election in the City.

20. Landwehr's brother, Jeff Landwehr, filed and ran as a candidate for mayor.

3

21. Defendant Wehmeyer also ran for mayor.

22. Prior to the April 4, 2015 municipal election, Landwehr, acting as a private citizen, supported and campaigned for his brother Jeff Landwehr in his run for mayor.

23. On or about April 4, 2015, Wehmeyer was elected mayor for the City.

24. On the day of the election, April 4, 2015, Wehmeyer was overheard telling others at the polls:

    a. Landwehr was campaigning for his brother and that would be a good reason to get rid of him; and

    b. Landwehr was behind a letter that was not favorable to Wehmeyer and when he won the election that would be reason enough to fire Landwehr's a--.

25. On or about April 14, 2015, Landwehr was replaced (terminated) as the Director of Public Works by Defendants without cause or explanation at Wehmeyer's request. Wehmeyer moved for the appointment of Nick Grube (hereinafter "Grube") as the new Public Works Director, which was supported by Defendants Ward and Grgurich and opposed by Board members Annette Justus and Tommie J. Lowe, who are not named as defendants herein.

26. As set forth above, Landwehr is a certified wastewater treatment plant operator. The Missouri Department of Natural Resources requires the owner of a water system, such as the wastewater treatment plant owned by the City, to place the direct supervision of such facilities under the charge of a chief operator, who must possess a valid certification. 10 C.S.R. 60-14(4)(A)(1) & (2).

27. Landwehr's replacement as the Director of Public Works, Grube, was not certified to operate the City's wastewater treatment plant at the time he was made the City's Public Works Director.

28. Grube was in his late 20's or early 30's when appointed the City's Public Works Director.

29. On or about May 27, 2015, Landwehr timely filed a Charge of Discrimination with the Missouri Commission on Human Rights.

30. Landwehr was issued a right to sue letter by the Missouri Commission on Human Rights on January 13, 2016.

31. As a direct and proximate result of the acts of the Defendants, Landwehr has sustained and will continue to sustain lost wages and other benefits of employment.

32. As a direct and proximate result of the acts of the Defendants, Landwehr has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation.

**COUNT I**
**42 U.S.C. SECTION 1983 VIOLATION OF LANDWEHR'S FIRST AMENDMENT RIGHT TO FREE SPEECH AND POLITICAL ASSOCIATION**

For Count I of Plaintiff's cause of action against all Defendants, he states as follows:

33. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

34. Landwehr was terminated by the Defendants based upon the exercise of his First Amendment right as a private citizen to support his brother's candidacy for mayor and/or based upon his political association with his brother, who was an unsuccessful candidate for mayor during the 2015 municipal election.

35. Landwehr's political speech and association were motivating factors and/or played a part in the Defendants' decision to terminate Landwehr.

5

36. Landwehr's constitutionally protected interest in his political speech and association outweighs any interests Defendants might have in preventing such speech and/or association.

37. Landwehr's protected speech and political association made at a reasonable time and in a reasonable manner, when he was not working, did not render the running of the City inefficient, and Landwehr's political speech and association did not disrupt the City's operations in any way.

38. Landwehr's termination by Defendants was an adverse employment action authorized, approved, and/or ratified by Defendants acting under color of state law.

39. Pursuant to §79.110 R.S.Mo, the Mayor and the Board of Aldermen have "care, management and control of the city and its finances."

40. As set forth above, pursuant to §79.240 R.S.Mo, the Mayor and the Board of Aldermen have the authority to remove appointed officers of the City and/or fire City employees.

41. The Mayor and the Board of Aldermen have final policy making authority for the City, and therefore, the City is liable for constitutional violations committed by the City's mayor and Board of Aldermen.

42. Alternatively, but without waiver of the foregoing, upon information and belief the Mayor and Board of Aldermen by custom, usage, and/or practice have engaged in acts of retaliation against City employees who have engaged in protected speech and/or political association such that the City may be held liable for the acts of the Mayor and Board of Aldermen.

43. Landwehr's termination was taken under color of state law by Defendants and violated his rights secured by the First Amendment to the United States Constitution made

applicable to the states by the Fourteenth Amendment.

44. As a direct and proximate result of the Defendant's terminating Landwehr because he exercised his First Amendment rights to free speech and political association, taken under color of law, Landwehr has sustained and will continue to sustain lost wages and other benefits of employment.

45. As a direct and proximate result of Defendants terminating Landwehr, Landwehr has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation.

46. The conduct of Wehmeyer, Ward, and Grgurich as set forth herein was wanton, willful, and showed a reckless indifference to Landwehr's constitutional rights as set forth above, justifying an award of punitive damages against them in their individual capacities so as to punish them and to deter them and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiff Landwehr prays this Court to enter judgment in his favor and against Defendants and thereafter:

A. Order these Defendants to make Plaintiff whole for any and all loses or damages he has sustained and will continue to sustain in the future including lost wages and other benefits of employment;

B. Award damages to Plaintiff for his emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against Defendants Wehmeyer, Ward, and Grgurich in their individual capacities in such sum as this court believes will serve to punish

them and to deter them and others from like conduct;

      D.      Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

      E.      Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT II
## AGE DISCRIMINATION UNDER THE MISSOURI HUMAN RIGHTS ACT

      For Count II of his cause of action against all Defendants, Plaintiff states as follows:

47. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

48. Landwehr was and is a member of a protected class: individuals over the age of 40 in that he was 45 years old at the time he was terminated by Defendants.

49. Landwehr was qualified for the position he held, Public Works Director, in that he had held the position (except for a brief period of time) since 2009 and he was meeting his employer's legitimate job expectations at the time he was terminated.

50. Landwehr suffered an adverse employment action when he was terminated by the Defendants because of his age.

51. Landwehr's replacement was substantially younger than him and was not qualified for the position because not certified to operate a wastewater treatment plant.

52. The actions, policies and practices complained of herein were in violation of Plaintiff's rights secured by R.S.Mo. §213.010 *et seq.*

53. As a direct and proximate result of the Defendants terminating Landwehr because of his age, Landwehr has sustained and will continue to sustain lost wages and other benefits of

8

employment.

54. As a direct and proximate result of the Defendants terminating Landwehr because of his age, he has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation.

55. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against the Defendants jointly and severally appropriate in this case.

WHEREFORE, Plaintiff Landwehr prays this Court to enter judgment in his favor and against Defendants and thereafter:

A. Order these Defendants to make Plaintiff whole for any and all loses or damages he has sustained and will continue to sustain in the future including lost wages and other benefits of employment;

B. Award damages to Plaintiff for his emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment. loss of enjoyment of life, stress and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against Defendants in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D. Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## RETALIATION CLAIM AGAINST ALL DEFENDANTS

For Count III of his cause of action against all Defendants, Plaintiff states as follows:

56. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

57. Landwehr engaged in protected activity when he complained about discrimination to the Board of Aldermen on or about February 27, 2015.

58. Although Landwehr was reinstated on February 27, 2015 when he complained of illegal discrimination and threatened to file a Charge of Discrimination if not reinstated, he was subjected to an adverse employment action as a result of this protected activity when he was terminated on or about April 14, 2015, less than two months later.

59. A causal connection/nexus exists between Landwehr's protected activity and the adverse employment action he suffered.

60. The actions, policies and practices complained of herein were in violation of Plaintiff's rights secured by R.S.Mo. §213.010 *et seq.*

61. As a direct and proximate result of the Defendants terminating Landwehr because of his protected activity, he has sustained and will continue to sustain lost wages and other benefits of employment.

62. As a direct and proximate result of the Defendants terminating Landwehr, he has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation.

63. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others, making an award of punitive damages against the Defendants

jointly and severally appropriate in this case.

WHEREFORE, Plaintiff Landwehr prays this Court to enter judgment in his favor and against Defendants and thereafter:

A. Order these Defendants to make Plaintiff whole for any and all loses or damages he has sustained and will continue to sustain in the future including lost wages and other benefits of employment;

B. Award damages to Plaintiff for his emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against Defendants in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D. Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

For Count IV of his cause of action against Defendants Wehmeyer, Ward, and Grgurich in their individual capacities, Plaintiff states as follows:

64. Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

65. Defendants, acting under color of state law, conspired together and amongst themselves and as a result reached a mutual understanding to fire Landwehr because of his exercise of his First Amendment rights. Additionally but without waiver of the foregoing,

Defendants conspired to undertake a course of conduct to protect each other from the consequences of this constitutional violation. In furtherance of this conspiracy, Defendants fired Landwehr without explanation and then later provided pretextual reasons for Landwehr's termination to conceal this constitutional violation.

66. Defendants shared the general conspiratorial objective which was to fire Landwehr because he exercised his First Amendment rights and cover-up such misconduct. Such conduct is so pervasive in the City and/or is engaged in by City officials with final policy-making authority that the City's elected officials are effectively insulated from civil liability, and therefore, Defendants felt free to engage in this misconduct without any fear of liability.

67. Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up thereof and/or ignoring the course of conduct set forth herein so as to insulate themselves and others from liability for the outrageous and unlawful acts as described herein, showing a tacit understanding to carry out the prohibited conduct.

68. As a direct and proximate result of the conspiracy amongst the Defendants and in furtherance thereof, Landwehr was fired because he exercised his First Amendment rights, a claim cognizable under 42 U.S.C. § 1983.

69. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Landwehr has sustained and will continue to sustain lost wages and other benefits of employment.

70. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Landwehr has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation

71.     The conduct of these Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Landwehr's First Amendment rights as set forth above, justifying an award of punitive damages against them in their individual capacities.

WHEREFORE, Plaintiff Landwehr prays this Court to enter judgment in his favor and against Defendants Wehmeyer, Ward, and Grgurich in their individual capacities and thereafter:

A.      Order these Defendants to make Plaintiff whole for any and all loses or damages he has sustained and will continue to sustain in the future including lost wages and other benefits of employment;

B.      Award damages to Plaintiff for his emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal professional reputation;

C.      Award Plaintiff punitive damages against these Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.      Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

E.      Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT V
## STATE LAW CONSPIRACY CLAIM

For Count V of Plaintiff's cause of action against Defendants Wehmeyer, Ward, and Grgurich in their individual capacities, Plaintiff states as follows:

72.     Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs of his Complaint.

73. Defendants Wehmeyer, Ward, and Grgurich entered into an agreement or understanding amongst and between themselves to do one or more unlawful acts, specifically: to wrongfully discharge Landwehr in violation of his rights secured by the Missouri Human Rights Act and cover-up this misconduct.

74. Defendants (constituting two or more people) had an unlawful objective to commit the unlawful acts set forth in paragraph 73 above.

75. The Defendants had a unity of purpose, common design and understanding, and/or meeting of the minds to wrongfully discharge Landwehr and cover-up this misconduct.

76. In furtherance of the conspiracy alleged herein, Defendants fired Landwehr and then later provided pretextual reasons for Landwehr's termination to conceal their violation of the Missouri Human Rights Act.

77. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Landwehr was wrongfully discharged, resulting in damage to him.

78. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Landwehr has sustained and will continue to sustain lost wages and other benefits of employment.

79. As a direct and proximate result of the conspiracy amongst Defendants and in furtherance thereof, Landwehr has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress, and loss of personal and professional reputation.

80. The conduct of these Defendants as described above was outrageous because of their evil motive and reckless indifference to Landwehr's rights, making an award of punitive damages appropriate under the circumstances to punish these Defendants and to deter them and

others from the same or similar conduct in the future.

WHEREFORE, Plaintiff Landwehr prays this Court to enter judgment in his favor and against Defendants Wehmeyer, Ward, and Grgurich in their individual capacities and thereafter:

    A.   Order these Defendants to make Plaintiff whole for any and all loses or damages he has sustained and will continue to sustain in the future including lost wages and other benefits of employment;

    B.   Award damages to Plaintiff for his emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of personal and professional reputation;

    C.   Award Plaintiff punitive damages against these Defendants in their individual capacities in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

    D.   Award Plaintiff the costs of this action, together with his reasonable attorneys' fees; and

    E.   Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

> Respectfully submitted,
> PLEBAN & PETRUSKA LAW, LLC.
>
> by:     /s/ Lynette M. Petruska
> Lynette M. Petruska #41212
> lpetruska@plebanlaw.com
> C. John Pleban #24190
> cpleban@plebanlaw.com
> 2010 S. Big Bend Blvd.
> St. Louis, MO 63117
> Telephone: 314-645-6666
> Facsimile: 314-645-7376
>
> Attorneys for Plaintiff