# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRADLEY LANDWEHR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:16-CV-00486 JAR |
| CITY OF GERALD, MO., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for New Trial. (Doc. No. 83) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

This First Amendment retaliation case was tried to a jury on January 16, 2018 through January 18, 2018. Plaintiff Bradley Landwehr claimed he was terminated from his position as Director of Public Works for the City of Gerald in retaliation for his support of, or association with, his brother's mayoral campaign. The jury returned its verdict in favor of Defendants and against Plaintiff and the Court entered judgment accordingly. Plaintiff asserts three grounds for new trial. First, Plaintiff argues the Court erred in denying his Batson[1] challenge to Defendants' preemptory strike of Venireperson No. 7, the only African American juror on the venire panel. Next, Plaintiff argues the Court erred in excluding evidence of the City's policies and procedures for terminating City employees. Finally, Plaintiff contends the Court's conduct during the trial impacted the fairness of the proceedings.

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

**Legal standard**

Under Federal Rule of Civil Procedure 59(a)(1)(A), "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996). A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. Buchholz v. Rockwell Int'l Corp., 120 F.3d 146, 148 (8th Cir. 1997). It is almost entirely within the discretion of the trial court whether to grant a new trial. See Fed. R. Civ. P. 59(a); Orthoarm, Inc. v. Forestadent USA, Inc., No. 4:06-CV-730 CAS, 2008 WL 4681385, at *2 (E.D. Mo. Oct. 21, 2008) (citing Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000)). The Court has carefully considered Plaintiff's arguments with the foregoing standards in mind.

**Discussion**

**(1) Batson challenge**

Plaintiff claims the Court erred by permitting Defendants to exercise one of their preemptory challenges in a discriminatory manner by striking Venireperson No. 7 because of his race in violation of Batson. The court uses a three-step process for evaluating whether the use of a peremptory challenge was based on purposeful discrimination. First, the challenging party must make a prima facie case of racial discrimination. Second, after such a showing is made, the striking party must suggest a race-neutral explanation for the use of the strike. Third, after a race-neutral reason is offered, the court must decide whether the challenging party has shown purposeful discrimination. Snyder v. Louisiana, 552 U.S. 472, 476-77 (2008).

During voir dire, Venireperson No. 7 stated his belief that employers should be able to hire and fire whomever they wanted. When the Court asked for clarification of the question, Venireperson No. 7 responded that an employer should be able to hire and fire whomever s/he wants, for any

reason. Plaintiff contends these answers suggested that Venireperson No. 7 would have been defense-friendly, showing that Defendants' motivation for striking him was based on his race. Defendants assert that they struck Venireperson No. 7 because they considered him a "wild card" based on his answers to the Court's repeated questioning about his ability to follow the Court's instructions and apply those instructions to the evidence presented at trial, and specifically, that he would "try to be fair." For the reasons stated on the record, the Court found this to be a valid race-neutral reason for striking Venireperson No. 7 and that Plaintiff did not meet his burden of showing purposeful discrimination. See, e.g., Weaver v. Bowersox, 241 F.3d 1024 (8th Cir. 2001) (juror's words and conduct led prosecutor to believe she was weak; petitioner failed to rebut presumptive correctness of state court decision that this reason was non-discriminatory).

**(2) Evidentiary ruling on City policies and procedures**

Plaintiff claims the Court erred in refusing to permit him to present evidence of the City's policies and procedures, contained in its Employee Handbook, for terminating City employees. Plaintiff argues these policies were not followed when he was terminated in April of 2015, and that a reasonable jury could thus infer that the City had an illegal motive for terminating him, i.e., his association with his brother's mayoral campaign. This case, as Plaintiff presented it, was a "direct evidence" case of First Amendment retaliation based on the testimony of one witness, Rick Duncan, regarding statements he overheard at the polling station on Election Day. When direct evidence of discrimination exists, creating an inference of discrimination with reasons later given is unnecessary. Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994). Furthermore, the evidence presented at trial established that the City's Employee Handbook did not apply to Department Heads, such as the Public Works Director. Therefore, the Employee

Handbook was not relevant. The City's Public Works Director is appointed by the Mayor with approval of the Board of Aldermen.

Here, the jury apparently found the testimony in favor of Defendants to be more credible and persuasive than the testimony of Plaintiff's witness. The Court cannot therefore conclude that exclusion of evidence regarding the City's policies and procedures was so prejudicial that a new trial would likely produce a different outcome.

**(3) Judicial conduct**

Lastly, Plaintiff claims the Court's conduct and demeanor during trial impacted the overall fairness of the proceedings. The Court strongly disagrees with Plaintiff's characterization of the conduct of the trial. The transcript and record speaks for itself.

A federal court has wide discretion to control trial proceedings. See United States v. Coon, 187 F.3d 888, 898 (8th Cir. 1999) (the trial court engaged in "appropriate efforts to control repetitive questioning, improper foundation, and the mischaracterizing by counsel of testimony or other evidence") (citing United States v. Jackson, 29 F.3d 397, 402–03 n. 5 (8th Cir. 1994)). Even if the trial judge does commit error in such a respect, the complaining party must prove that the error was substantial and that it prejudiced his case. Ruiz v. Estelle, 679 F.2d 1115, 1129 (5th Cir. 1982), cert. denied, 460 U.S. 1042 (1983). Here, there is absolutely nothing like the inherently prejudicial inference of bias toward certain witnesses, of the sort presented in Rush v. Smith, 56 F.3d 918, 922–23 (8th Cir. 1987), a case cited by Plaintiff.

Moreover, even if the trial judge does commit error in such a respect, the complaining party must prove the error was substantial and prejudiced his case. The potential prejudice from any comment by a trial judge may be effectively mitigated by an instruction, such as the ones given in this case, that the jury should not take anything the trial judge may say or do or that the

judge has done or said during trial as indicating what the trial court thinks of the evidence or what the trial court thinks the jury's verdict should be. See United States v. Johnson, 403 F. Supp. 2d 721, 867 (N.D. Iowa 2005), aff'd and remanded, 495 F.3d 951 (8th Cir. 2007); see also 8th Cir. Civil Jury Instr. § 1.03 ("Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be."); 8th Cir. Civil Jury Instr. § 1.04 ("Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information."); 8th Cir. Civil Jury Instr. § 3.02 ("I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial."). The jury is presumed to have followed these instructions, and Plaintiff has presented nothing to rebut that presumption. See United States v. Betterton, 417 F.3d 826, 832 (8th Cir. 2005) ("'A jury is presumed to follow its instructions.'") (quoting United States v. Flute, 363 F.3d 676, 678 (8th Cir. 2004)).

**Conclusion**

For these reasons, as well as the reasons stated on the record, the Court concludes that the jury's verdict represents neither a miscarriage of justice nor the denial of a fair trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial [83] is **DENIED**.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of April, 2018.